# ORDER

**VIRGINIA:**

In the Court of Appeals of Virginia on Tuesday the 11th day of August, 1992.

Warren Edward Lemons, Jr., Appellant

   against

Commonwealth of Virginia, Appellee

   Before Chief Judge Koontz, Judges Baker, Barrow, Benton, Coleman, Duff, Moon, Willis, Elder, and Bray.

COUNSEL

John Gregory, Jr., for appellant.

John H. McLees, Jr., Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

## UPON REHEARING EN BANC

OPINION

On February 25, 1992, a panel of this Court affirmed the conviction of Warren Edward Lemons, Jr. *See* 13 Va. App. 668, 414 S.E.2d 842 (1992). A dissenting opinion was filed in the panel decision. Lemons's petition for rehearing *en banc* was granted and was argued on June 17, 1992.

We hold that the issues presented in this case are controlled by our opinion in *White v. Commonwealth*, 12 Va. App. 99, 402 S.E.2d 692, *aff'd en banc*, 13 Va. App. 284, 410 S.E.2d 412 (1991). Accordingly, we vacate the convictions and remand the case to the trial court for it to order the production of the verbatim statement of Randall Murray for an in camera inspection and inclusion in the record. The trial court shall determine the statement's "materiality" as that term is defined in *United States v. Bagley*, 473 U.S. 667, 682 (1985). If it is found to be "material,"

in that there is a reasonable probability that its full disclosure would have resulted in a different outcome, Lemons should be granted a new trial. If not, the trial court shall reinstate the convictions.

In accordance with these directives, the opinion previously rendered by a panel of this Court on February 25, 1992 is withdrawn and the mandate entered on that date is vacated.

The trial court shall allow court-appointed counsel a total fee of $600 for services rendered the appellant, in addition to counsel's costs and necessary direct out-of-pocket expenses.

Benton, J., concurring in part and dissenting in part.

For the reasons stated in the dissenting opinions in *Lemons v. Commonwealth*, 13 Va. App. 668, 674-76, 414 S.E.2d 842, 846-47 (1992) (Duff, J., dissenting) and *Clodfelter v. Commonwealth*, Record No. 1831-89-2 (Unpublished, April 18, 1992) (en banc) (Benton, J., dissenting), I would vacate the conviction and grant a new trial.[1] The record clearly establishes that the evidence the

---

[1] Following this Court's decision in *White v. Commonwealth*, 12 Va. App. 99, 402 S.E.2d 692, *aff'd en banc* 13 Va. App. 284, 410 S.E.2d 412 (1991), we convened *en banc* in *Clodfelter* to consider again the Commonwealth's refusal to disclose exculpatory material to a defendant. The Court issued an unpublished order which did not address the repetitive nature of the problem. At that time I wrote the following dissenting opinion:

Donald M. Clodfelter was denied a fair trial when the Commonwealth failed to disclose, in response to a specific request, material that would have allowed impeachment of the Commonwealth's major witness. The Commonwealth is obliged to disclose to a defendant all evidence in its possession that is favorable to the defendant and material to guilt or punishment. *United States v. Agurs*, 427 U.S. 97, 106 (1976); *Brady v. Maryland*, 373 U.S. 83, 87 (1963). The duty of disclosure includes information that has impeachment value. *United States v. Bagley*, 473 U.S. 667, 676 (1985); *Robinson v. Commonwealth*, 231 Va. 142, 150, 341 S.E.2d 159, 164 (1986). Because the Commonwealth erred in failing to disclose the impeachment evidence, I would reverse the conviction, and remand for a new trial.

At trial, the Commonwealth relied primarily upon the testimony of Terri Spence, a convicted felon and informer, to implicate Clodfelter in the distribution of a controlled substance. Spence testified, however, that she was unable to specify the type and number of all the offenses for which she had been granted immunity through her cooperation with the prosecution. A police officer who had interviewed Spence prior to trial testified that he had written notes reflecting all of the crimes to which Spence had confessed and to which Spence was granted immunity. Despite a pretrial discovery request for exculpatory information, the prosecution failed to deliver the information to Clodfelter. Moreover, at trial, when the officer disclosed the existence of the notes, the trial judge, without explanation, denied Clodfelter's request for those notes.

Commonwealth withheld was exculpatory. It bears repeating that

Where "[t]he jury's estimate of the truthfulness and reliability of a given witness may well be determinative of guilt or innocence," evidence relevant to truthfulness, reliability, and credibility is as constitutionally material as evidence which goes directly to the question of guilt. *Fitzgerald v. Bass*, 4 Va. App. 371, 385, 358 S.E.2d 576, 584 (1987) (quoting *Dozier v. Commonwealth*, 219 Va. 1113, 1118, 253 S.E.2d 655, 658 (1979)), *aff'd en banc*, 6 Va. App. 38, 366 S.E.2d 615 (1988), *cert. denied sub nom. Fitzgerald v. Thompson*, 493 U.S. 945 (1989). "[I]t is upon such subtle factors as the possible interest of the witness in testifying falsely that a defendant's life or liberty may depend." *Napue v. Illinois*, 360 U.S. 264, 269 (1959). The information the Commonwealth failed to disclose was exculpatory and should have been disclosed. *See Robinson*, 231 Va. at 150, 341 S.E.2d at 164.

Moreover, where, as here, an accused has made an express request for specific exculpatory evidence, there can "seldom, if ever" be an excuse for not complying with the request. *Agurs*, 427 U.S. at 106. The conviction must be reversed by this Court if the undisclosed impeachment evidence "undermines confidence in the outcome" of the trial. *Robinson*, 231 Va. at 151, 341 S.E.2d at 164 (quoting *Bagley*, 473 U.S. at 678).

The majority correctly asserts that *Bagley* requires reversal only if "a reasonable probability" exists that the results of the trial would have been different if the evidence had been included, but it errs in remanding this case to allow the trial judge to determine the materiality of the evidence. *See People v. Morris*, 46 Cal. 3d 1, 30 n.14, 756 P.2d 843, 861 n.14 (1988). When the informant testified that she did not know the extent of her confessed crimes and was unable to relate the crimes for which she has been granted immunity, Clodfelter was denied a *meaningful* opportunity to cross-examine and impeach the informant. A fair trial is not a mere abstraction satisfied by a trial ritual. Under the circumstances of this case, it is clear that "the [undisclosed] evidence is material in the sense that its suppression undermines confidence in the outcome of the trial." *Bagley*, 473 U.S. at 678.

Further, by failing to submit the officer's notes for inclusion in the record, the Commonwealth has rendered it impossible for this Court to evaluate the full effect of the deprivation. Although the trial judge refused to order the prosecution to disclose the officer's notes to Clodfelter, the trial judge did "order that [the notes] be filed and made a part of the record." In contravention of that order, the Commonwealth did not file the notes in the record of this case. The record contains no explanations for the Commonwealth's failure to provide exculpatory information to Clodfelter's counsel and to abide by the trial judge's order to deliver the information *in camera* for inclusion in the record.

In *White v. Commonwealth*, 12 Va. App. 99, 402 S.E.2d 692, *aff'd en banc* 13 Va. App. 284, 410 S.E.2d 412 (1991), this Court vacated a conviction and remanded the proceeding to the trial court due to a *Brady* violation. This case arises from the same trial court and involves the same Commonwealth Attorney's office. Trial courts must be sensitive to "pernicious trial tactics used as a subterfuge to circumvent required discovery." *Moreno v. Commonwealth*, 10 Va. App. 408, 416, 392 S.E.2d 836, 842 (1990). "Courts have the responsibility to monitor the conduct of those attorneys who appear before them and assure adherence to professional standards." *Id. See also* Rules of the Supreme Court of Virginia, Pt. 6, § III Canon 3(B)(3). The *Brady* principles are not new; they were announced in 1963. This Court must insist that the obligation of the Commonwealth to divulge evidence favorable to an accused upon request not be trivialized. "[S]uppression [of that evidence] by the prosecution . . . violates due process." *Brady*, 373 U.S. at 87.

By allowing the prosecution to withhold evidence that may have tended either to exculpate the defendant or reduce his punishment, the trial court helped to "shape a

this Court has an obligation to thwart efforts to trivialize the clear mandate of *Brady v. Maryland*, 373 U.S. 83 (1963).

Moon, J., with whom Coleman, J., joins, dissenting.

I respectfully dissent from the majority's action in this case because, notwithstanding the decision in *White v. Commonwealth*, 12 Va. App. 99, 402 S.E.2d 692 (1991), for the reasons stated in the majority panel decision, *Lemons v. Commonwealth*, 13 Va. App. 668, 414 S.E.2d 842 (1992), I do not believe the facts of this case warrant remand.

---

trial that . . . [bore] heavily on the defendant." It cast "the prosecutor in the role of an architect of a proceeding that [did] not comport with standards of justice." *White*, 12 Va. App. at 103, 402 S.E.2d at 695 (quoting *Brady*, 373 U.S. at 87-88).

The purpose of the *Brady* rule is "to ensure that a miscarriage of justice does not occur." *Bagley*, 473 U.S. at 675. To allow routine, systematic non-disclosure of material exculpatory evidence at the trial level by affirming convictions simply because the defendant cannot establish on appeal that the non-disclosure adversely affected the outcome trivializes the clear mandate of *Brady* and the professional obligation of the prosecutor. *See* DR8-102(A)(4). "[T]he prosecution's duty of disclosure extends to *all* evidence that reasonably appears favorable to the accused, not merely to that evidence which appears likely to affect the verdict." *Morris*, 46 Cal. 3d at 30 n.14 756 P.2d at 861 n.14.

I dissent.